Cfm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ILENE SOMIN,                                               MEMORANDUM AND ORDER

        Plaintiff,                                 CV 06-6004

        -against-                                  (Wexler, J.)

TOTAL COMMUNITY MANAGEMENT
CORP., CENTURY MANAGEMENT
SERVICES, INC. WASHINGTON MUTUAL
BANK, F.A., SHAPIRO & DiCARO, LLP,
FISHERMAN'S WHARF AT BABYLON
OWNERS, CORP., and THE TOWN OF
BABYLON, NEW YORK,

        Defendants.
----------------------------------------------------------X

FILED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ JUN 2 6 2007 ★

ENTERED

★ —————— ★

APPEARANCES:

    LAW OFFICES OF AVRUM J. ROSEN
    BY: FRED S. KANTROW, ESQ.
    Attorney for Plaintiff
    38 New Street
    Huntington, New York 11743

    COHEN & WARREN, P.C.
    BY: EVAN M. GITTER, ESQ.
    Attorneys for Defendants Total Community Management Corp.,
    Century Management services, Inc. and Fisherman's Wharf
    at Babylon Owners, Corp.
    80 Maple Avenue
    Smithtown, New York 11787

    CULLEN & DYKMAN, LLP
    BY: JENNIFER A. MCLAUGHLIN, ESQ.
    Attorneys for Defendant Washington Mutual Bank
    100 Quentin Roosevelt Boulevard
    Garden City, NY 11530

SHAPIRO & DiCARO, LLP
BY: ROBERT S. LENI, ESQ.
Attorneys for Defendant Shapiro & DiCaro, LLP
250 Mile Crossing Boulevard Suite One
Rochester, New York 14624

LAW OFFICES OF MARK A. CUTHBERTSON
BY: MARK A. CUTHBERTSON, ESQ.
Attorneys for Defendant Town of Babylon, New York
434 New York Avenue
Huntington, New York 11743

WEXLER, District Judge

This is an action arising out of an allegedly wrongful mortgage foreclosure, commenced by Plaintiff, Ilene Somin ("Plaintiff" or "Somin"). The complaint names six defendants and sets forth various state law causes of action for breach of contract, breach of fiduciary duty and negligence. The sole basis for federal jurisdiction is a claim against two of the named Defendants pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). The two Defendants named in the federal claim are Washington Mutual Bank ("Washington Mutual" or the "Bank") and Shapiro & DiCaro, LLP ("Shapiro & DiCaro" or the "Law Firm").

Presently before the court are the motions of these two Defendants to dismiss the complaint. Both the Bank and the Law Firm move to dismiss on the ground that this action is barred by the statute of limitations. The Bank moves on the additional ground that it is not a debt collector within the meaning of the FDCPA. For the reasons set forth below, the motions to dismiss are granted. The court declines to exercise supplemental jurisdiction over the remaining state claims and the the case is, accordingly, dismissed in its entirety.

## Background

I. The Complaint

The allegations of the complaint, taken as true for the purpose of these motions, allege the

following.

On approximately February 16, 1990, Somin secured a loan from Central Federal Savings Bank ("Central"). It appears that the loan was used to purchase a cooperative apartment located in the Town of Babylon. In exchange for the loan, Somin granted to Central a security interest in the shares and proprietary lease associated with Somin's cooperative apartment. The Defendant Bank, Washington Mutual, is the successor in interest to Central. The shares representing ownership in Somin's cooperative apartment are issued by the Defendant Fisherman's Wharf at Babylon Owner's Corp ("Fisherman's Wharf").

Somin made payments to Washington Mutual under the loan agreement. The terms of that agreement provide for Somin to maintain a balance in an escrow account and for the Bank to remit a portion of Somin's payments to the management company for Fisherman's Wharf, Defendant Total Community Management Corp. ("Total Community Management" or "TCM").[1] The payments remitted to TCM represented payment of Somin's cooperative maintenance charges and included a portion designated for the payment of real estate taxes for which Somin was responsible.

Plaintiff's complaint details two mistakes make by the Bank in administering payments made by Somin. First, nine years after the making of the loan, on approximately December 21, 1999, Washington Mutual began remitting payments for real estate tax obligations directly to the Town of Babylon. These payments were made despite the fact that real estate tax payments were being made by TCM. The second mistake made in administration of Somin's loan occurred on

---

[1] Plaintiff's complaint interchangeably refers to the manager of the cooperative organization as TCM and Defendant Century Management Services, Inc. It is unnecessary, for the purpose of these motions, to unravel the corporate relationship between these two entities.

approximately February 28, 2001, when Washington Mutual ceased making payments to TCM, despite the fact that Somin continued to make payments, in full and on time, to the Bank.

Somin was able to correct the latter of the two mistakes made by Washington Mutual by making payments (for maintenance and her portion of real estate taxes) directly to TCM. Those direct payments began in June of 2001 and Somin remained current on such payments through July 2005. It is thus clear that Somin became aware of Washington Mutual's failure to remit payments to TCM, and cured any default in her obligations, by making direct payments to TCM by June of 2001.

The Bank's making of duplicative real estate tax payments, which began in 1999, resulted in an overpayment of taxes to the Town of Babylon. Somin's complaint alleges that she has not been able to recover any amount overpaid to the Town of Babylon. It is clear that Somin was aware of the overpayment of taxes prior to July 3, 2003. This is because a letter of that date which is attached to Plaintiff's complaint, refers to an effort to resolve the tax issue among the Bank, Fisherman's Wharf, Somin and the Town. Somin's complaint refers to the recipient of that letter as her prior counsel.

In addition to overpaying the Town of Babylon, the payment of taxes by the Bank resulted in a depletion of Somin's escrow account with the Bank and, as a consequence, Somin's loan went into default. The Bank thereafter commenced foreclosure proceedings against Somin, seeking the principal amount due under the loan as well as late charges and attorneys' fees. While not set forth in the complaint, documents properly before the court, of which Plaintiff has knowledge, show that the Defendant Law Firm, Shapiro & DiCaro, was counsel to Washington Mutual, and pursued foreclosure on behalf of the Bank. The dispute between Plaintiff and Washington Mutual was negotiated by Shapiro and DiCaro, on behalf of the Bank, and settled,

on behalf of Plaintiff, by her former counsel, on December 17, 2004. That settlement resulted in a payment of $59,418.47 by the Plaintiff to the Bank and represents the last contact between Plaintiff and the Defendant Law Firm.

II.     Allegations of the Complaint

As noted above, Plaintiff sets forth several state law causes of action against the various Defendants. Relevant here are the two FDCPA causes of action set forth against the Bank and the Law Firm.

The factual allegations as to these two causes of action are identical. With respect to each Defendant, Plaintiff alleges, in the vaguest of terms and with no reference to any actual correspondence, that both the Bank and the Law Firm violated the FDCPA by making false representations as to "the character, amount, or legal status of" a debt. Presumably, the debt referred to is the amount due to the Bank under the terms of the loan used to purchase Plaintiff's cooperative apartment. Both the Bank and the Law Firm are alleged to be proper defendants under the FDCPA because their correspondence with Plaintiff advised that they were attempts "to collect a debt."

III.    Defendants' Motions

The Bank and the Law Firm move to dismiss for failure to state a claim. Both Defendants argue that Somin's sole federal claim is barred by the FDCPA one year statute of limitations. The Bank moves on the separate and additional ground that it is not a debt collector within the meaning of the FDCPA. After outlining relevant legal principals, the court will turn to the merits of the motion.

## DISCUSSION

I. Legal Principles

    A. Standards on Motion to Dismiss

In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974. The "retirement" of <u>Conley</u>'s language, see <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1969, is not a wholesale rejection of the general pleading rules to which federal courts have become accustomed. Instead, it is a rejection of <u>Conley</u>'s "negative gloss" on the accepted pleading standard that once a claim is stated, it may be supported by any set of facts consistent will the allegations of the complaint. <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1969. Indeed, shortly after its decision in <u>Bell Atlantic</u>, the Court reiterated that the pleading of specific facts in support of a complaint is not necessary. Instead, a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erikson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).

The "plausibility" language used by the Supreme Court in <u>Bell Atlantic</u>, has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" <u>Iqbal v. Hasty</u>, 2007 WL 1717803 *11 (2d Cir. June 14, 2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, <u>Bell Atlantic</u> holds that a

"formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 2007 WL 1677760 *3 (E.D.N.Y. June 11, 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

B.  FDCPA Statute of Limitations/Equitable Tolling

The FDCPA provides that an action to enforce any liability created by the act must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. §1692k. While a question may exist as to whether the cause of action accrues on the date upon which the allegedly unlawful communication is sent or received, there is no question that the latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication. See Bates v. C&S Adjusters, Inc., 980 F.2d 865, 868 n.2 (2d Cir. 1992) (noting, but not deciding issue as to whether FDCPA claim accrues upon mailing or

receipt of allegedly unlawful communication); see also Seabrook v. Onondaga Bureau of Medical Economics, Inc., 705 F. Supp 81, 83 (N.D.N.Y. 1989) (noting "two possibilities" as to accrual of FDCPA action as the date on which the allegedly violative communication was sent and the date on which it was received).

As with any a statute of limitations, the FDCPA is subject to equitable tolling in appropriate circumstances. The doctrine of equitable tolling applies only in "rare and exceptional" circumstances. Bertin v. United States, 478 F.3d 489, 494 n.3 (2d Cir. 2007); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). To invoke this doctrine, a plaintiff must allege that extraordinary circumstances prevented him from acting in a timely manner. See Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir.1996). Generally, equitable tolling applies only where defendant has engaged in conduct to conceal wrongdoing and, as a result, plaintiff fails to discover facts giving rise to the claim, despite the exercise of reasonable diligence. Coveal v. Consumer Home Mtge., Inc., 2005 WL 704835 *4 (E.D.N.Y. 2005); see Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002).

C. Debt Collector Status

The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The statute specifically defines debt collectors as those engaged in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be <u>owed or due another</u>." 15 U.S.C. §1692e (emphasis added). Thus, by its terms, the FDCPA limits its reach to those collecting the dues "of another" and does not restrict the activities of creditors seeking to collect their own debts. Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998); Carlson v. Long Island Jewish Med. Center, 378 F. Supp.2d 128, 131 (E.D.N.Y. 2005); Ramos v. Bobell Co.,

2003 WL 22725349 *2 (S.D.N.Y. 2003); Harrison v. NBD Inc., 968 F. Supp. 837, 841 (E.D.N.Y. 1997). The reason for restricting the reach of the FDCPA to exempt creditors was the recognition, by Congress, that the activities of creditors seeking to collect their own debts are restrained by the creditors' desire to retain their good will with consumers. Those collecting debts due to another were thought to be not similarly restrained and therefore more likely to engage in the type of unscrupulous activities the act seeks to prevent. Mazzei v. Money Store, 349 F. Supp.2d 651, 657 (S.D.N.Y. 2004); Harrison, 968 F. Supp. at 841. Originators of mortgage loans have been recognized as not falling within the definition of debt collectors and therefore not subject to the FDCPA. See McAnaney v. Astoria Fin. Corp., 357 F. Supp.2d 578, 592-93 (E.D.N.Y. 2005).

II. Disposition of the Motions

A. Plaintiff's Action is Time-Barred

This action was commenced on November 8, 2006. Plaintiff has not alleged a single action that took place, with respect to either the Bank or the Law Firm, within one year prior to that date.

As set forth in the complaint, the Bank ceased making maintenance payments to Fisherman's Wharf's management company in February of 2001. Plaintiff's allegations regarding the Bank's wrongful payment of Babylon Town taxes is stated to have occurred even earlier – in December of 1999.

As to the Law Firm, Plaintiff's contact with Shapiro & DiCaro began when the firm commenced foreclosure proceedings on behalf of the Bank. Those contacts ended with a settlement of the matter that was consummated in December of 2004. Thus, the last possible communication – lawful or otherwise – that Plaintiff could have had with the Law Firm

regarding this matter occurred more than a full year prior to commencement of this action.

As to the Bank, the latest date upon which Plaintiff became aware of the Bank's failure to make maintenance payments was June of 2001, when she began to make such payments on her own. Plaintiff was similarly aware of problems regarding the payment of taxes, at the very latest, by 2003. Correspondence attached to the complaint, between Plaintiff's former counsel and the attorney representing the Town of Babylon, demonstrate Plaintiff's active attempt to resolve the tax overpayment issue in July of 2003 – more than three years prior to commencement of this action.

Plaintiff attempts to avoid this obvious application of the one year statute of limitations by seeking to invoke a "discovery" rule or the doctrine of equitable tolling. Neither argument can survive this motion to dismiss. First, Plaintiff's complaint sets forth no such allegation – the arguments are raised, for the first time, in response to the motions to dismiss. More importantly, there is no factual support for any claim of fraud or concealment on the part of either moving Defendant and facts that are properly before the court indicate the opposite.

In sum, Plaintiff's complaint and documents of which she is aware demonstrate clearly that her action is time-barred. Statements in her memoranda of law as to "discovery" "fraud" and "concealment" can do nothing to save this complaint – even at the early pleading stage. Plaintiff can make no plausible claim in support of a timely FDCPA claim. All facts alleged in the complaint and those evident from Plaintiff's own documents indicate her awareness of problems concerning her loan well over one year prior to commencement of this action. Accordingly, the motion to dismiss on statute of limitations grounds must be granted.

B.   <u>Debt Collector Status of the Bank</u>

The court also grants the motion of the Bank to dismiss the complaint on the ground that

it is not a proper FDCPA defendant. There is no question that any activity undertaken by the Bank was on its own account. As such, it is not a debt collector under the FDCPA. 15 U.S.C. §1692e; see McAnaney, 357 F. Supp.2d at 592-93.

It matters not that the Bank is alleged to have used language indicating that it was attempting to "collect a debt." The fact is that the debt that the Bank was collecting, was its own. Since the Bank was not collecting the debt "of another," it is not a proper defendant under the FDCPA. Accordingly, the Bank's motion to dismiss is granted on the additional ground that it is not a debt collector within the meaning of the FDCPA.

III.     Remaining Claims and Defendants

In addition to the Federal FDCPA claims, Plaintiff's complaint sets forth several state law causes of action. Where, as here, the court has dismissed before trial the only basis for Federal jurisdiction, the court should decline to exercise jurisdiction over the pendent state claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966);. e.g., Baylis v. Marriot Corp., 843 F.2d 658, 665 (2d Cir. 1988); Weathers v. Millbrook Central Sch. Dist., 2007 WL 1290144 *2 (S.D.N.Y. 2007); see 28 U.S.C. §1367(c).

## CONCLUSION

The motions of Defendants Washington Mutual Bank and Shapiro & DiCaro to dismiss the complaint are granted. The court declines to exercise jurisdiction over the remaining state claims. Accordingly, the complaint is dismissed in its entirety.

The Clerk of the Court is directed to terminate the motions and to close the file in this matter.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 26 2007